IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZENAIDA LUGO PÉREZ, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. | CIVIL NO.: 14-1784 (MEL) |

**OPINION AND ORDER**

I.  **PROCEDURAL AND FACTUAL BACKGROUND**

Zenaida Lugo Pérez ("plaintiff" or "claimant") was born on August 16, 1967, and has a high school education (Tr. 410, 434.) Prior to her initial application for Social Security disability benefits, plaintiff worked as an assembler and a hair stylist. (Tr. 87.) On August 5, 2011, plaintiff filed an application for Social Security disability insurance benefits ("DIB"), alleging disability on the basis of a herniated nucleus pulposus lumbar and radiculopathy cervical.[1] (Tr. 410; 433.) The alleged onset date of her disability was November 15, 2010. (Tr. 440.) The date last insured was December 31, 2015. (Tr. 18.) Claimant's application was initially denied on December 30, 2012, reissued on March 12, 2012, and denied again upon reconsideration on July 5, 2012. (Tr. 71-81.)  A hearing before an Administrative Law Judge ("ALJ") was held on June 11, 2013. (Tr. 31.) Claimant, who was represented by counsel, testified at the hearing, and a vocational expert ("VE") testified by telephone. (Tr. 31-60.) The ALJ rendered a decision on November 22, 2013, finding, at step five of the sequential evaluation process, that plaintiff was not disabled from November 15, 2010 through November 22, 2013. (Tr. 25.) The Appeals Council denied

---

[1] Plaintiff also filed on the basis of depression, but plaintiff is not objecting to the findings regarding this claim at this stage.

plaintiff's request for review on August 25, 2014. (Tr. 1.) Therefore, the ALJ's opinion became the final decision of the Commissioner of Social Security (the "Commissioner" or "defendant"). (Id.)

On October 24, 2014, plaintiff filed a complaint seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706, alleging that defendant's finding that she was not disabled was not based on substantial evidence. (ECF No. 1, ¶ 2, 6.) Defendant filed an answer to the complaint on May 4, 2015 and a certified transcript of the administrative record the next day. (ECF No. 11.) Notice of appearance of defense counsel was filed on May 4, 2015. (ECF No. 12.) On August 27, 2015, plaintiff filed supporting memorandum of law. (ECF No. 19.) As of this date, the defendant has not filed a memorandum of law in response to plaintiff's.

## II.  STANDARD OF REVIEW

The Social Security Act (the "Act") provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda-Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's decision must be upheld if the court determines that substantial evidence supports the ALJ's findings, even if a different conclusion would have been reached by reviewing the evidence *de novo*. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). The Commissioner's fact findings are not conclusive, however, "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam).

### III.    ANALYSIS

"Generally, the ALJ gives more weight to the opinions from the claimant's treating physicians, because these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairments.'" Berríos Vélez v. Barnhart, 402 F.Supp.2d 386, 391 (D.P.R. 2005) (citing 20 C.F.R. § 404.1527(d)(2)). To be given controlling weight, the treating physician's opinion must be "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] record.'" Polanco-Quiñones v. Astrue, 477 Fed. App'x, 745, 746 (1st Cir. 2012) (quoting 20 C.F.R. § 404.1527(d)(2)). The opinion of a treating physician can be therefore be rejected if it is not well-supported or consistent with the record. See 20 C.F.R. § 404.1527(c); Olmeda v. Astrue, 16 F.Supp.3d 23, 30 (D.P.R. 2014); Hernández v. Comm'r of Social Sec., 989 F.Supp.2d 202, 210 (D.P.R. 2013). The ALJ must "always give good reasons" for the weight afforded a treating physician. 20 C.F.R. § 404.1527(c)(2). "Giving 'good reasons' means providing 'specific reasons' that will allow 'subsequent reviewers [to know] … the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Kenerson v. Astrue, No. 10-CV-161-SM, 2011 WL 1981609, at *4 (D.N.H. May 20, 2011) (quoting SSR 96-2P, 1996 WL 374188, at *5 (1996)). "Failure to state the reasons for rejecting a treating physician's opinion constitutes grounds for remand." Hernandez, 989 F.Supp.2d at 210; Charpentier v. Colvin, No. CA 12-312 S, 2014 WL 575724, at *9 (D.R.I. Feb. 11, 2014) ("Thus, it is reversible error when the ALJ does not give good reasons for discounting the opinion of the treating physicians, even if the court can find good reasons to discount the opinion."); Ambrose v. Astrue, No. 07-84-B-W, 2008 WL 648957, at *5 (D. Me. Mar. 5, 2008) report and recommendation adopted, No. CIV. 07-84-B-W, 2008 WL 821933 (D. Me. Mar. 26,

3

2008) ("It is not the task of the court … to articulate for the first time at the appeals stage 'good reasons' for rejecting a treating source's opinion.")

The ALJ here failed state any reasons for the weight given to one of claimant's treating physicians, physiatrist Dr. Jerry León. The record shows treatment notes for nine visits the claimant made to Dr. León between January 26, 2011 and April 25, 2013. His "assessment/diagnosis" includes one of the ailments for which claimant seeks DIB, "radiculopathy cervical." (Tr. 727.) In the earliest treatment notes, dated January 26, 2011, Dr. León recounts claimant's history of thoraco-lumbar scoliosis with gradually exacerbating pain beginning at the mid-cervical region. (Tr. 725). Dr. León indicates that this pain "interferes with work, posture, sleep, dressing, hygiene performance and with other activities of daily living." (Id.) Further, Dr. León states the pain is aggravated by lifting, pushing, shoulder overhead activities, standing for long periods, repetitive bending, and weight bearing. (Tr.) Dr. León performed trigger point injections and ordered physical therapy three times weekly for four weeks. (Tr. 728.) Further, Dr. León's plan notes included the prescription medications Celebrex, Cymbalta, and Neurontin for pain and Baclofen for muscle spasms. (Tr. 728.) Beginning with the treatment notes on January 25, 2013 and continuing in the remaining two notes, Dr. León stated that "despite improvement she will not be able to return to work due to her normal baseline pain, which would interferes [sic] with her job and would exacerbate symptoms." (Tr. 671, 667, 675.)

The ALJ here found that the claimant had a residual function capacity ("RFC") to perform unskilled "light work" as defined in 20 C.F.R. § 404.1567(b).[2] (Tr. 20.) Specifically, the ALJ stated that claimant could stand or walk about 6 hours in an 8 hour workday with no

---

[2] An individual's RFC is the most that he can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1).

4

limitations on pushing, pulling, stooping, kneeling, crouching, or crawling. (Id.) The ALJ limited this light work ability by stating that claimant could not be "constantly fingering or handling." (Id.) Claimant's most recent job, hair stylist, has an SVP ("specific vocational preparation") of 6, which makes it skilled work and thus, not within claimant's RFC. (Tr. 24; see also SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000) ("Using the skill level definitions in 20 C.F.R. 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT.") The vocational expert testified that although claimant's previous occupation as an assembler was classified as unskilled, "it requires constant use of the hands." (Tr. 54.) In reliance on this testimony, the ALJ determined that claimant could not perform her previous work. The ALJ then found that claimant could perform the jobs of mail clerk, usher, and inspector hand packager.

The ALJ's opinion never expressly referenced Dr. León. The ALJ did cite to the records of Dr. León once at the end of a paragraph. (Tr. 21.) Presumably this citation was in support of the sentence, "Although she presented with pain, the trigger point injections and physical therapy sessions provided relief." (Id.) The ALJ made one additional reference to these injections and physical therapy, but without citation to the records or mention of Dr. León. (Tr. 22.) In reaching her finding regarding claimant's ability to perform jobs in the national economy, the ALJ did not address whether this is consistent with the debilitating pain that Dr. León stated would not allow claimant to return to work. (Tr. 671, 667, 675.) Nor does the ALJ address why she found claimant able to stand for six hours and had no restrictions in pushing, despite Dr. León stating that "standing for long periods," weight bearing, and pushing aggravated this pain. (Tr. 725.) In her opinion, the ALJ did articulate the weight given to the opinions of other physicians. (Tr. 23.)

The ALJ makes no explanation, however, of what weight, if any was given to the opinion of Dr. León, despite reaching an RFC inconsistent with the physician's findings.

### IV.   CONCLUSION

Failure to identify the reasons for the weight given to Dr. León is sufficient, without looking further into claimant's arguments, to warrant remand pursuant to 42 U.S.C. § 405(g). No expression is made regarding the weight that should ultimately be afforded to the opinions of Dr. León. Further, this remand does not dictate any outcome with regard to the final finding of disability.[3] Therefore, the Commissioner's decision is **VACATED** and the case is hereby **REMANDED** for further proceedings consistent with this opinion.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th of February, 2016.

s/Marcos E. López<br>U.S. Magistrate Judge

---

[3] Plaintiff also objects to the ALJ's failure to sufficiently address claimant's fibromyalgia diagnosis, which the ALJ found as "non-severe" because it failed to meet the duration requirement. The ALJ found that "claimant was first diagnosed with [fibromyalgia] in June 2013 and thereafter there is no evidence of ongoing treatment for the same." (Tr. 18.) No expression is made regarding this ground.